5  UNITED STATES DISTRICT COURT

6  CENTRAL DISTRICT OF CALIFORNIA

| 7 UNITED STATES OF AMERICA, | NO: 17-CR-170-RHW |
|---|---|
| 8 Plaintiff, | |
| 9 v. | ORDER GRANTING CONTINUANCE AND ORDER MEMORIALIZING COURT'S ORAL RULINGS |
| 10 MARLON WILLIAMS, | |
| 11 Defendant. | |

**THE INSTRUCTIONS IN THIS ORDER MAY BE DIFFERENT THAN THE LOCAL RULES. THE PARTIES ARE ADVISED TO CAREFULLY REVIEW THIS ORDER.**

A pretrial hearing was held in this matter on January 22, 2018. Defendant Marlon Williams, who is in custody, was present and represented by Georgina Wakefield. Assistant United States Attorney Carolyn Small was present on behalf of the Government. The Court has reviewed the file, has heard from counsel, and is fully informed. This Order is entered to memorialize the oral rulings of the Court.

At this hearing, Defendant moved for a continuance to allow additional time to investigate this case. The Government did not object to a continuance in this matter.

The Court finds that the ends of justice served by the granting of a continuance of the trial in this matter outweigh the best interests of the public and Defendant in a speedy trial. A trial date of February 6, 2018, would deprive defense counsel of adequate time to obtain and review discovery and provide effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7). Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Oral Motion for a Continuance is **GRANTED**.

2. The current trial date of March 6, 2018, is **STRICKEN** and **RESET** to **March 20, 2018**, at **8:45 a.m.** commencing with a **final** pretrial conference at **8:30 a.m.** The trial and final pretrial conference shall take place in **Los Angeles, California**.

3. A pretrial conference is set for **March 6, 2018**, at **3:00 p.m.,** in **Los Angeles**, California.

4. Courtesy copies may be e-mailed to chambers in Word format to the Court at whaleyorders@waed.uscourts.gov.

5. Counsel for defense shall notify Defendant of all hearings and ensure his/her attendance at court.

6. Motions to Expedite, if any, shall be filed separately and noted for hearing two (2) days from the date of filing, after informing opposing counsel of such.

7. Discovery motions, pretrial motions, and motions in limine shall be filed on or before **February 13, 2018**; responses are due **February 20, 2018**; and replies are due **February 27, 2018**. Counsel shall note their motions for hearing at the pretrial conference on **March 6, 2018**.

8. Trial briefs, requested voir dire, witness lists, jointly proposed jury instructions, and a table of proposed jury instructions shall be filed and served on or before **March 9, 2018**.

    **(a)** The jointly proposed jury instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each count, any necessary definitions, and a proposed verdict form.

    **(b)** The parties shall provide the Court electronically with a table of proposed, cited jury instructions. This table shall include:

        **(i)** The instructions on which the parties agree;

        **(ii)** The instructions that are disputed; and

        **(iii)** The basis of any objection.

        **(iv)** The jury instruction table shall be substantially in the following form:

| Proposed by | Instruction # | 9th Cir. Cite | Objection | Response to objection |
|---|---|---|---|---|

ORDER GRANTING CONTINUANCE AND ORDER
MEMORIALIZING COURT'S ORAL RULINGS ~ 3

**(c)** In addition to the jury instruction table, each party shall address any objections they have to instructions proposed by any other party in a memorandum on or before **March 9, 2018**. The parties shall identify the specific portion of any proposed instruction to which they object supported by legal authority that supports the objection. Failure to file an objection to any instruction may be construed as consent to the adoption of an instruction proposed by another party.

9. *Pretrial Exhibit Stipulation*

**(a)** The parties shall prepare a pretrial exhibit stipulation that shall contain each party's numbered list of all trial exhibits with the opposing party's objections to each exhibit, including the basis of the objection and the offering party's brief response. All exhibits to which there are no objections shall be deemed admitted, subject to any objections at trial that could not be raised in advance.

**(b)** The pretrial exhibit stipulation shall be substantially in the following form:

**Pretrial Exhibit Stipulation**

**Plaintiff's/Defendant's Exhibits**

| Exhibit No. | Description | If Objection, State Grounds | Response to Objection |
| --- | --- | --- | --- |

(c) The pretrial exhibit stipulation shall be filed on **March 12, 2018**. Failure to comply with this paragraph could be deemed to constitute a waiver of all objections. Do not submit blanket or boilerplate objections to the opposing party's exhibits. These will be disregarded and overruled.

(d) Exhibits shall be pre-marked with the exhibit numbers that will be used at trial. Plaintiff's trial exhibits are to be numbered 1 through 199, and Defendant's exhibits are to be numbered 200 and following.

(e) Objections to exhibits and witnesses shall be heard at the final pretrial conference.

**9.** *Trial Procedures*

The following procedures shall be utilized at trial:

(a) The Court will conduct the majority of jury voir dire but allow counsel fifteen minutes to ask additional questions or to do more in depth exploration of issues raised by the Court;

(b) A total of thirteen jurors will be selected. Plaintiff shall have six peremptory challenges, Defendant shall have ten peremptory challenges, and each party shall have one challenge for the alternate juror. Fed. R. Crim. P. 24. The challenges shall be exercised alternately;

(c) Regular trial hours shall be from 8:30 a.m. to 12:00 noon, and 1:15 to 5:00 p.m.;

**(d)** The jurors will be provided with notebooks for note-taking and a copy of preliminary instructions;

**(e)** Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

**(f)** A single photograph shall be taken of all witnesses following their testimony for use by the jury to correlate a witness with the testimony he or she provided. The photographs shall be maintained in a three-ring binder by the Court. The photograph will have the witness's name on it and the date of the witness's testimony. The photographs will be provided to the jury to assist them during deliberations. Following deliberations, the photographs will be destroyed by the Court and will not be a part of the record;

**(g)** Examination of witnesses shall be limited to direct, cross, redirect and recross. Fed. R. Evid. 611(a);

**(h)** Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

**(i)** During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours;

**(j)** Counsel shall have the next witness to be called to testify available outside the courtroom, to avoid delay; and

**10.** Any Defendant represented by CJA appointed counsel that will request issuance of subpoenas and payment of costs and fees for trial witnesses will file such requests no later than ten (10) days before trial, excluding weekends and holidays. Defense counsel may request, as needed, that the motion and order be filed under seal. Defense counsel shall prepare a proposed order that includes the following language:

**(a)** That the United States Marshal shall serve the subpoenas on the witnesses identified by name, address, and phone number. The subpoenas shall state when the witnesses' appearances are requested;

**(b)** The subpoenaed individual shall contact the United States Marshal in the district in which they are served so that the Marshal may make travel arrangements, for those witnesses requiring such arrangements;

**(c)** Defense counsel shall contact the Case Administrator in the District Court Clerk's office, to obtain information on how to make lodging arrangements for those witnesses requiring lodging; and

**(d)** Any witness fees and per diem allowances shall be paid by the Government after the witness has testified. Requests for advance payment shall be directed to the United States Marshal in the district in which the

witness is served or the United States Marshal in the district in which the witness is present to provide testimony.

**11.** Counsel is on notice that no CJA money is available to pay per diem expenses for indigent defendants. Should an indigent defendant require transportation to trial and/or housing and meals during the trial, defense counsel shall apply for such travel and costs no later than ten (10) days, excluding weekends and holidays, prior to the date of the trial.

**12.** A Waiver of Speedy Trial Rights was signed by Defendant. All time from the trial date of **March 6, 2018**, to the new trial date of **March 20, 2018**, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7).

The District Court Clerk is directed to file this Order and provide copies to counsel.

**DATED** February 7, 2018.

*s/ Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge